# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH M. BOUDREAUX** | |
| **Plaintiff,** | |
| | **CIVIL ACTION NO.** |
| **v.** | **SECTION** |
| **CRIF LENDING SOLUTIONS, INC.,** **and CRIF CORPORATION,** | **JUDGE:** |
| **Defendants.** | **MAGISTRATE:** |

## COMPLAINT

The Complaint of Kenneth M. Boudreaux ("Mr. Boudreaux") respectfully represents:

### JURISDICTION

1.      This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

### VENUE

2.      Venue is proper for this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Louisiana, and the Defendant regularly transacts business in this District.

### PARTIES

3.      The plaintiff is Kenneth M. Boudreaux, who is a person of full age of majority and resident of St. Tammany Parish, Louisiana, who at all relevant times has been a "qualified individual with a disability" within the protection of the ADA.

4.     Made defendants herein are:

A.     CRIF LENDING SOLUTIONS, INC., a foreign corporation doing business in Louisiana, not registered or authorized to transact business in the state of Louisiana, but conducting business within the State of Louisiana, and Middle District Louisiana; and

B.     CRIF CORPORATION, a foreign corporation authorized to transact business in the state of Louisiana.  They may be served through their registered agent, CT CORPORATION SYSTEM, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

CRIF Lending Solutions, Inc., and CRIF Corporation are closely related corporations referred to collectively herein as "Defendants".

## STATEMENT OF FACTS

5.     Mr. Boudreaux is an experienced information technology security professional with over 25 years of industry experience.

6.     On October 26, 2015, Mr. Boudreaux was hired by Defendants to work as an IT security professional. On March 7, 2016, Mr. Boudreaux received his first performance evaluation, and was scored as "Meeting Expectations".

7.     On June 30, 2016, Mr. Boudreaux injured his leg, but was still able to work. However, this injury was exacerbated on July 16, 2016, when Mr. Boudreaux slipped on a pool deck at home.  Mr. Boudreaux was subsequently instructed by his physician to remain at home for six weeks. Mr. Boudreaux was scheduled for arthroscopic surgery to repair his knee on August 27, 2016.

8.     On August 10, 2016, Defendants informed Mr. Boudreaux that he was required to return to work on August 16, 2016. That day, Mr. Boudreaux requested that defendants provide him with a functioning laptop and permission to work from home. Mr. Boudreaux obeyed and

worked from home through significant pain to the point of nausea in order to keep his job. During this time period, Defendants delayed providing essential equipment to Mr. Boudreaux necessary for him to perform his job remotely.

9.    On August 24, 2016, Defendants posted an employee solicitation ad for a "Security Specialist", which position was identical to the position held by Mr. Boudreaux.

10.    On September 14, 2016, Mr. Boudreaux's arthroscopic knee surgery was completed.  Although the surgery was helpful and medically necessary, Mr. Boudreaux remains disabled and severely limited in his ability to walk or stand without assistance.

11.    On September 21, 2016, Defendants announced the hire of Brandley Hernandez as Security Specialist III, which was an identical position to Mr. Boudreaux's in all respects except the title.

12.    On October 17, 2016, Mr. Boudreaux was released to work from home by his physician.  When Mr. Boudreaux contacted the Defendants' Director of Human Resources, Joe Fiorenza, he was informed by Mr. Fiorenza that "work from home is not an option", and further, that he was terminated from his employment with Defendants.  Mr. Boudreaux was informed in that phone call that he could re-apply for a position if one opened up in the future.

13.    On November 1, 2016, Mr. Boudreaux accepted a new employment position with Netchex, LLC, at a salary $21,000.00/year less than his salary with Defendants.

14.    Mr. Boudreaux filed a charge of discrimination on the basis of disability with the Equal Employment Opportunity Commission on or about April 15, 2017.

15.    Mr. Boudreaux received a right to sue notice dated February 1, 2019, authorizing him to bring private suit against "CRIF LENDING SOLUTIONS."  This complaint is timely filed within 90 days of plaintiff's receipt of the right-to-sue notice.

16.     Mr. Boudreaux took affirmative steps to mitigate his damages by finding alternate employment at Netchex, LLC, beginning approximately November 1, 2016, which job Mr. Boudreaux remains in as of this filing.

## DISCRIMINATION ON THE BASIS OF DISABILITY
## IN VIOLATION OF THE ADA

17.     Defendants CRIF Lending Solutions, Inc., and CRIF Corporation are employers within the definition of the ADA.

18.     The plaintiff was disabled as a result of his July 16, 2016 knee injury, such that he is substantially limited in major life activities, specifically, walking and standing. Mr. Boudreaux is only able to walk with assistance, and he is handicapped.

19.     Mr. Boudreaux was and is at all relevant times qualified and capable to perform the duties of "information technology security professional" or "Security Specialist" for the Defendants' companies.

20.     Defendants' were put on notice of Mr. Boudreaux's disability on or about July 16, 2016, and refused to make reasonable accommodations to permit Mr. Boudreaux to perform his job, including but not limited to, delay in providing vital equipment to permit Mr. Boudreaux to work at home, and, following Mr. Boudreaux's October 17, 2016 release by his physician to work from home, their outright refusal to permit Mr. Boudreaux to work from home, and requirement that he commute to Baton Rouge to work on site, where the physical location of Mr. Boudreaux's work does not bear on his ability to perform his job.

21.     Defendants' terminated Mr. Boudreaux because of his disability, and specifically, because his disability made it difficult for Mr. Boudreaux to enter or exit his desk and substantially limited his ability to ambulate or stand.

22.     As a result of Defendants' discrimination, Mr. Boudreaux sustained damages including, without limitation, past and future lost wages and benefits, including back pay and front pay, lost promotional opportunities, lost career advancement opportunities, emotional distress, mental anguish, humiliation, damage to reputation, expenses finding further employment, and all other damages as will be shown more fully at trial.

23.     By their intentional discrimination against Mr. Boudreaux, Defendants' have maliciously and/or with reckless indifference violated the federally protected rights of Mr. Boudreaux, and are therefore liable for punitive damages.

24.     Mr. Boudreaux is further entitled to receive attorney's fees and costs of litigation pursuant to the ADA provision for attorney's fees.

25.     Mr. Boudreaux is entitled to and requests a trial by jury.

**WHEREFORE**, Complainant, Kenneth M. Boudreaux, prays for a trial by jury and after due proceedings are had, that there be judgment herein in his favor and against defendants CRIF Lending Solutions, Inc., and CRIF Corporation, jointly and in solido, for all sums reasonable under the premises, compensatory damages, back pay and front pay, punitive damages, attorney's fees, costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief the plaintiff is entitled in equity or law.

**Respectfully submitted:**

*/s/ Daniel A. Meyer*
Joseph M. Bruno (La. Bar # 3604)
Daniel A. Meyer (La. Bar # 33278)
Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 562-6775
Email: dmeyer@brunobrunolaw.com